J-S06005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| INDIYYAH BRADSHER, | |
| Appellant | No. 1883 EDA 2013 |

Appeal from the Judgment of Sentence June 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003227-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED FEBRUARY 18, 2015**

Indiyyah Bradsher (Appellant) appeals from the judgment of sentence of three years' probation and $500 in restitution, imposed June 19, 2013, following a bench trial resulting in her conviction for criminal trespass and criminal mischief.[1]  We affirm.

On October 25, 2011, between approximately 8:00 and 8:30 p.m., Roslyn Wrotten observed a group of teenagers gathered in front of her home, located at 1232 Alcott Street in Philadelphia.  The group included Appellant, Appellant's twin sister, Indriyyah, and several, unidentified individuals.  **See** Notes of Testimony (N.T.), 4/9/2013, at 12-14.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 3503(a) and 3304(a).

Ms. Wrotten's daughter, Aisha, was also present. Aisha, who suffers from schizophrenia and bipolar disorder, engaged in a verbal and physical altercation with one of the twins. Ms. Wrotten separated them and brought her daughter into the house. *Id.* at 14-18.

Thereafter, as Ms. Wrotten sat in her living room, watching television with another daughter and a two-year-old granddaughter, Ms. Wrotten observed one of the twins, dressed in pink, break the front window of her house with a brick. Ms. Wrotten ran to the rear of the house with her granddaughter. As she retreated, Ms. Wrotten observed her front door being kicked open. Appellant and her twin sister, along with other individuals, entered Ms. Wrotten's house. *Id.* at 20-24. One of the twins said, "[L]et's get out of here. She's going to shoot us." *Id.* at 24. The group then exited the house. *Id.*

When the police arrived, Ms. Wrotten identified Appellant and her twin sister as the culprits. *Id.* at 74. Officer Doerr observed the broken, front window and a brick lying on the ground outside of it. *Id.* at 73. Officer Doerr also observed damage to the jam plate of the front door. *Id.*

At trial, Richard Britt testified on Appellant's behalf. According to Mr. Britt, Appellant and her twin sister never left the front porch of their home. *Id.* at 87-88. Rather, two unidentified boys crossed the street, broke Ms. Wrotten's window with a stick and opened the front door of her house. *Id.* at 88.

A bench trial commenced in April 2013. Following trial, Appellant was convicted of the crimes set forth above. In June 2013, the trial court imposed a sentence of three years' probation and $500 restitution. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

In the sole issue raised on appeal, Appellant challenges the trial court's denial of her motion seeking a new trial based on the weight of the evidence. *See* Appellant's Brief, at 3. A motion for a new trial based on the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). A weight claim is "addressed to the discretion of the trial court." *Id.* We may reverse the lower court's verdict only "if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Lewis*, 911 A.2d 558, 555 (Pa. Super. 2006).

According to Appellant, the testimony of the complainant, Ms. Wrotten, was ambiguous, contradictory, and unreliable. Appellant highlights inconsistencies between Ms. Wrotten's trial testimony, her preliminary hearing testimony, and her prior statements. *See, e.g.*, Appellant's Brief, at 17 (citing testimony evincing Ms. Wrotten's one-time confusion over whether her window was broken with a brick and whether the brick landed inside or

outside her house).[2]  In contrast, Appellant cites favorably the testimony of Mr. Britt, suggesting that two unidentified boys were responsible for the damage to Ms. Wrotten's house.  *Id.* at 19-20.

Essentially, Appellant challenges the credibility of the complainant. According to Appellant,

> [i]n reaching its conclusion that its verdict was not against the weight of the evidence, the trial court must have determined that [the] clear and uncontradicted[,] exculpatory testimony [of Mr. Britt] was outweighed by the ambiguous and contradictory evidence given by the complainant.  Under the full circumstances, this was an unreasonable determination … against the interests of justice.

*Id.* at 20-21.

We have reviewed the record.  The trial court acknowledged inconsistencies in Ms. Wrotten's testimony but discounted them, as the physical evidence observed by Officer Doerr essentially corroborated Ms. Wrotten's testimony and rendered the testimony of Mr. Britt unpersuasive. *See* Trial Court Opinion, 7/18/2014, at 4.  In our view, such minor discrepancies do not warrant reversal.  *See Lewis*, 911 A.2d at 566 ("[Q]uestions concerning inconsistent testimony … go to the credibility of

---

[2] To the extent Appellant also argues that Ms. Wrotten's testimony did not clearly establish whether Appellant entered Ms. Wrotten's house, *see* Appellant's Brief, at 13-15, we note that this argument implies a challenge to the sufficiency of the evidence, not its weight.  Appellant abandoned any claim challenging the sufficiency of the evidence.  *See* Appellant's Brief, at 3 (raising only weight claim) and 11 (conceding that the evidence "was legally sufficient in the abstract").

witnesses. This Court cannot substitute its judgment for that of the [fact finder] on issues of credibility.") (citations omitted). Accordingly, no relief is due Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015